## Cleveland, C. C. & St. L. R. R. Co. v. J. H. Strong and T. J. Woodin, Partners as Strong & Woodin.

1. VARIANCE—*Pleadings and Proofs—Practice.*—Where the proof does not fit the pleadings, or there is better evidence of the contract sued upon, specific objection must be made at the trial; the point can not be raised for the first time in the Appellate Court.

2. EVIDENCE—*Copies of Exhibits.*—An objection to a writing that it is a copy must be made when it is offered in evidence; it comes too late in the Appellate Court.

3. SAME—*Of Charges and Expenses.*—Where a witness testified, in answer to a question as to what were the necessary expenses and charges for feeding hogs per day at the stock yards in Chicago, that the charges were $1 per bushel for corn, etc., *it was held* that the objection that the reasonable value of the corn was not shown, is not tenable.

**Memorandum.**—Assumpsit. In the Circuit Court of Champaign County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Declaration on implied contract; plea, general issue; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the November term, 1894, and affirmed. Opinion filed February 11, 1895.

GERE & PHILBRICK, attorney for appellant.

C. H. KIENZLE and THOMAS J. SMITH, attorneys for appellees.

MR. PRESIDING JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

The appellees recovered a judgment against appellant for $115 on account of delay in the transportation of three car loads of hogs, shipped at different times from St. Joseph to Indianapolis, whereby, as alleged, there was a loss in the shrinkage of the hogs as well as for extra expense in feeding and yardage, and as to two of the cars in the market price. The evidence in the case was all offered by the plaintiff, the defendant offering none and asking no instructions except that the verdict should be for defendant which the court refused. It is now objected that it appears by the

proof there was a written contract for shipment in each instance and that it was not offered in evidence; that the declaration being upon an implied promise or contract and the proof showing there was a special and express contract in writing, the plaintiffs can not recover upon the pleadings. Waiving the question as to whether the declaration counts upon a written and express contract or upon an unwritten and implied contract, it is sufficient to say we do not find that any specific objection was made to the proof offered by the plaintiffs on the ground of a variance, or that the contract was in writing and that the writing was the best evidence of what the contract was. The evidence on the point was in effect that when plaintiffs wished to make a shipment they would notify the agent and he would place a car at the stock chute; they would load the hogs, then go to the agent, have the hogs billed out and sign the contract; what that contract was did not appear, counsel on neither side asking any question as to its contents or purpose. Conceding that there is or might be any force in the objection, it comes too late.

If defendant thought the proof did not fit the declaration or that there was better evidence as to the contract or undertaking than that offered, the specific objection should have been made at the time, so that if deemed well taken it might have been obviated by amending the declaration or by offering the written contract, or by both. Having suffered the proof to go in without specific objection the point can not be heard now for the first time.

No authorities need be cited as to the now well settled rule and practice in this respect.

It is also objected that the plaintiffs were allowed to read the exhibits attached to a deposition which were copies of the bills rendered the plaintiffs by the commission men who sold the hogs. The witness testified that the duplicates which he attached to his deposition were correct copies of those sent to plaintiffs.

If the defendant wished to object because they were copies, and not the originals, a motion to that effect should have been made in apt time. It is too late now.

It is objected that the evidence shows that corn for feeding was charged by the commission men at $1.00 per bushel without showing what was a reasonable price or that any was fed.

The witness, Graves, testified in answer to a question as to what were the necessary expenses and charges for feeding hogs per day at the stock yards that the charges were $1.00 per bushel for corn and seven cents per head for yardage; that the estimated cost to carry hogs there was ten cents per hundred weight per day and that hogs were fed daily.

The objection is not tenable.

It is further objected that the whole evidence as to damages is presumptive merely; that there are no data upon which to base a definite estimate as to the loss sustained by the plaintiffs.

The evidence tends to show unnecessary delay, which is not denied; it tends to show that thereby the hogs would shrink four pounds a day each, and it tends to show as to two of the cars a loss in market value—as to one an advance.

It also shows the cost and expense of keeping the hogs at the stock yards while awaiting a sale. We see no want of certainty in these matters. There was a sufficient basis for a calculation of the damages and counsel have not favored us with their calculation showing that the verdict is for too much.

No objection is made to the instructions given for the plaintiffs. We find no error in the record, and the judgment will be affirmed.